UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| James Michael Veal | |
| Plaintiff | |
| v. | 14-cv-12967-WGY |
| Portfolio Recovery Inc. et | |
| Defendants | |

## MEMORANDUM OF LAW IN SUPPORT OF LUSTIG, GLASER & WILSON, P.C., KENNETH WILSON AND DEAN A. HEINOLDS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

### Statement of the case.

1. The Plaintiff, James Michael Veal, (hereinafter referred to as "Plaintiff") alleges in his complaint that:

   a. Defendants Lustig, Glaser & Wilson P.C.,(LGW) and Kenneth Wilson(WILSON) allegedly violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, by allegedly pulling his credit report without a permissible purpose;

   b. Lustig, Glaser & Wilson P.C.,(LGW), Kenneth Wilson(WILSON) and Dean A. Heinold (HEINOLD), (collectively referred to herein as "DEFENDANTS"), allegedly violated section 940, Code of Massachusetts Regulations section 7 et seq, by allegedly pulling his credit report without a permissible purpose;

   c. DEFENDANTS allegedly violated the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et al.

2. LGW and WILSON respectfully submit that Plaintiff's complaint fails to state a claim actionable under the FCRA. Counts I, II and III of the Plaintiff's complaint

1

should be dismissed as the alleged actions taken by LGW and WILSON, if the facts submitted by the Plaintiff are presumed to be true, are expressly PERMITTED by the FCRA. As such, all allegations against LGW as set forth by Plaintiff in his Complaint must be dismissed as a matter of law, as the statute expressly permits the very actions which are alleged to violations by the Plaintiff.

3. The allegations contained in Counts IV and V of Plaintiff's complaint under 940 CMR 7.04 et al and the FDCPA respectively, are based on Plaintiff's allegation that DEFENDANTS obtained his credit report without a permissible purpose in violation of the FCRA. Plaintiff has submitted no additional facts or allegations in Counts IV and V. DEFENDANTS respectfully submit that since there has been no violation of the FCRA, that Counts IV and V of Plaintiff's complaint must also be dismissed as a matter of law. If, by some chance, Plaintiff had intended to allege additional facts to support the claims made in Count IV and V, he has failed to do so, and has therefore failed to meet the requirements of *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).*

**Factual Background**

4. LUSTIG, GLASER & WILSON, P.C. (hereinafter referred to as LGW) is a Massachusetts Professional Corporation, with its principal and sole place of business located in Waltham, MA.

5. LGW is a law firm whose business often represents creditors with their claims for recovery of consumer debts.

6. Kenneth Wilson is an individual residing in the state of Massachusetts, and is an attorney employed by LGW. LGW's principle place of business is 245 Winter Street, suite 300, Waltham MA 02451.

7. Dean A. Heinold is an individual residing in the state of Massachusetts, and is an attorney employed by LGW. LGW's principle place of business is 245 Winter Street, suite 300, Waltham MA 02451.

8. On or about March 12, 2014 LGW received a claim against Mr. Veal, (Plaintiff herein) from its client, Portfolio Recovery Associates, LLC (PRA); with instructions to proceed with efforts to collect an alleged debt owed by Plaintiff.

9. On March 17, 2014 LGW, in an effort to confirm the information for the Plaintiff that it had received from its client, requested a "soft pull" of Plaintiff's credit report.

10. A "Soft Pull" or "Soft Inquiry" is permissible under the FCRA when requested for the purpose of debt collection. A "Soft Pull" or "Soft Inquiry" does not affect a consumer's credit score, nor does it appear on any credit report provided to an entity which conducts a hard pull or hard inquiry for the purpose of extending credit.

## Standard of Review for FRCP 12(b)(6)

11. A motion to dismiss for failure to state a claim upon which relief may be granted, Federal Rule of Civil Procedure (hereafter referred to as FRCP) 12(b)(6)), requires "accepting as true all well-pleaded facts in the complaint and drawing all reasonable inferences in the plaintiffs' favor." *Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 325 (1 Cir., 2009). A party's Rule 12(b)(6) motion to dismiss challenges the ability of an opponent's complaint to state a claim. The Supreme Court adopted the view that the complaint must allege facts that "raise a right to relief above the speculative level."*Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).* "That means that a "Plaintiff's obligation to provide the grounds of

3

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id at 555*. The factual allegations in the complaint must, accordingly, be specific enough to cross "the line from conceivable to plausible." *Id at 570.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id at 1950*. A court does not have to accept as true allegations in a complaint that are legal conclusions. *Id. at 1949*. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id at 1950*.

**Argument for dismissal of Counts I, II, and III.**

12. Plaintiff, in Counts I, II and III of his complaint, alleges that LGW and WILSON pulled his credit report without a permissible purpose in violation of the FCRA. LGW and WILSON respectfully submit that the actions allegedly taken by LGW and WILSON are expressly permitted by the FCRA, and as such, cannot be considered a violation of the statute.

13. According to paragraphs 2 and 3 of Plaintiff's Complaint, LGW and WILSON are debt collectors who regularly collect debts.

14. Paragraphs 14 and 15 of Plaintiff's complaint indicate that Plaintiff is a consumer, and a consumer as defined by the FCRA in 15 USC 1681(a)(c).

15. Paragraphs 63, 67 and 71 of Plaintiff's complaint allege that LGW and WILSON are furnishers of information as defined by 15 USC 1681s-2. LGW and WILSON respectfully submit that this allegation is completely false. Neither LGW, nor WILSON report or submit any credit information of any kind to any credit reporting agency or bureau.

16. Paragraph 25 of Plaintiff's complaint alleges that LGW requested his credit report while it was attempting to collect a debt from the Plaintiff.

4

17. The FCRA, 15 USC 1681b(a)(3)(a), expressly permits the pulling of a consumer's report for the purpose of debt collection. Since Plaintiff's complaint admits that LGW and WILSON are considered a Debt Collectors by law and that they pulled his credit report in connection with the collection of a consumer debt. Plaintiff's complaint sets forth the very facts which the FCRA has established are permissible to allow the pulling of a consumer's credit report. As such, LGW and WILSON had a legal right and a permissible purpose for pulling Plaintiff's credit report. The Massachusetts Federal District Court has remained consistent in their rulings on permissible purpose under these facts. See Judge Stearns decision in the matter of <u>Barry Shannon v Citibank et al</u>, No. 1:11-CV-11754 (USDC, D.Mass. 11/04/2011) and a more recent decision issued from the Bench by Judge Young on January 22, 2014 in the matter of <u>Shepard v Plaza recovery et al</u>, 1:13-cv-12216-WGY (USDC, D.Mass.) Even in cases where the underlying debt was determined to be an error, the Federal Courts have held that a debt collector has a permissible purpose for accessing a consumer's credit report, provided the debt collector had a good faith basis for requesting it. See *Little v. Asset Acceptance*, Case No. 9:12-cv-81116 (S.D. Fla). Since Plaintiff's complaint clearly states that his credit report was pulled in connection with the collection of a debt, LGW and WILSON admittedly had a permissible purpose under the FCRA. As such, Count I, II and II must be dismissed as a matter of law and for failure to state a claim upon which relief can be granted.

18. Plaintiff's complaint also raises a question as to the definitions contained in the FCRA. It is Plaintiff's contention that the definition of account, as defined by the statute, does not include credit card account. I respectfully submit that the Courts disagree with Plaintiff's interpretation. In a recent decision on this very issue out of

5

the Federal Court in Pennsylvania, the Court held that the definition of "account" found in § 1681m(d)(4)(e)(1)(A), when read within the broader context of the statute, included credit card accounts. Accordingly, the court found that the defendant had a permissible purpose in obtaining her credit report and, therefore, did not violate the FCRA. See *Fritz v. Capital Management Services, LP*, No. 2:12-cv-1725, 2013 WL 4648370 (W.D. Pa. Aug. 29, 2013.

19. Plaintiff's complaint also contends that DEFENDANTS somehow failed to properly identify their purpose and intentions to the credit reporting agencies when the "soft pull" of his credit report was requested. While DEFENDANTS vehemently deny this allegation, Plaintiff has submitted zero facts to support his allegations. As such, his complaint does not give rise to the pleading requirements as set forth in *Twombley* and *Iqbal.* Furthermore, if his allegations are indeed true, and DEFENDANTS failed to properly identify themselves to the credit reporting agencies, then presumably the agencies would not have released his report; or in the alternative, the credit reporting agencies would be in violation of the statute, not the DEFENDANTS. As Plaintiff has already stated that DEFENDANTS are debt collectors, and the FCRA clearly states that debt collection is a permissible purpose to request a consumer's credit report.

20. Since the actions allegedly undertaken by LGW and WILSON are permitted by the very statute Plaintiff alleges was violated, Plaintiff's claims fail to state a claim upon which relief may be granted, and must be dismissed as a matter of law.

**Argument for Dismissal of Count IV**

21. The fourth claim set forth by Plaintiff in his complaint, alleges that DEFENDANTS have somehow violated the Massachusetts debt collection regulations 940 CMR 7.0

through 7.07 by "claim, attempt or threatening to enforce a debt when such person knows that the debt is not legitimate or...Asserts the existence of some other legal right when such person knows that the right does not exist"(See paragraphs 75 and 76 of Plaintiff's complaint. Count IV of Plaintiff's complaint must be dismissed as a matter of law, as 940 CMR sections 7.0 through 7.07 do not contain any rights to civil enforcement under the statute. Since there is no remedy or enforcement provision or right contained therein, Count IV must fail as a matter of law.

22. Should the Court find that 940 CMR 7 et al does, in some way, provide a right of action for the Plaintiff, DEFENDANTS respectfully submit the following: Count IV of Plaintiff's contains no facts which would support an allegation of the violations as contained therein. DEFENDANTS respectfully submit that Count IV, in addition to its failure to include any facts, fails to contain any information that would give rise to a cause of action. The Federal Courts have continuously held "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 1950. A court does not have to accept as true allegations in a complaint that are legal conclusions. *Id. at 1949*. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id at 1950*. As such, Count IV must be dismissed as it fails to state a claim for which relief can be granted under FRCP 12(b)(6).

23. If the Court were to infer that Count IV of Plaintiff's complaint actually alleges that Plaintiff's erroneous allegations that DEFENDANTS have violated the FCRA provide the factual support for the claims contained in Count IV of the complaint; then the Court must also dismiss this Count based on the arguments set forth by DEFENDANTS in response to Counts I through III above. If there is no violation of the FCRA, then there could be no violation of 940 CMR 7.0 through 7.0 and the allegations must be dismissed as a matter of law.

**Argument for Dismissal of Count V**

24. Count V of Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 *et al*. As stated in DEFENDNATS argument to dismiss Count IV of Plaintiff's complaint, Count V is merely a restatement of the statute. It contains absolutely zero facts to support the allegation that any of the statutory provisions set forth in Count V have been violated. The Federal Courts have continuously held "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 1950. A court does not have to accept as true allegations in a complaint that are legal conclusions. *Id.* at 1949. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id* at 1950. As such, Count V must be dismissed as it fails to state a claim for which relief can be granted under FRCP 12(b)(6).

25. Even if the Court finds that Plaintiff has plead sufficient facts under *Iqbal,* Count V must still be dismisses as a matter of law. Since the only facts alleged in the complaint claim that DEFENDANTS pulled Plaintiff's credit report without a permissible purpose, then the Court must presume that Plaintiff's claim that DEFEDANTS violated the FDCPA stems from that action. Since the law clearly established that DEFENDANTS had a permissible purpose to access Plaintiff's credit report under the FCRA, then there can be by definition no violation of the FCPA for the same action. As such, Count V must be dismissed both as a matter of law, and pursuant to FRCP 12(b)6 for failure to state a claim on which relief can be granted.

**Conclusion**

26. Based on the above facts and law, Plaintiff's Complaint should be dismissed, in its entirety, as to Defendants LGW, WILSON and HEINOLD. Plaintiff's Complaint states facts that are simply not a violation of the Fair Credit Reporting Act. As such, Counts I, II and II must be dismissed. The claims contained in Count IV of Plaintiff's complaint should be dismissed on multiple grounds. The first being the fact that 940 CMR 7 et al does not contain enforcement right, nor does it contain any damage provision or right of action. As such, Count IV must be dismissed as a matter of law. Second, even if the Court determines that Plaintiff's allegations in Count IV can survive, those allegations are based solely on the premise that DEFENDNATS violated the FCRA. Since DEFENDANTS had a permissible purpose for pulling Plaintiff's credit, no such violation has occurred. As such, and claims that an FCRA violation is also a violation of 940 CMR 7 must fail as a matter of law. Finally, Counts V of Plaintiff's complaint alleges violations of the FDCPA. Since Plaintiff has alleged only facts claiming that DEFENDANTS violated the FCRA, it is presumed

9

that Count V is alleging that the FCRA violations also would give rise to an FDCPA violation. As set forth above, no such FCRA violations have occurred.

Wherefore,

Defendants LGW, WILSON and HEINOLD respectfully request that all of the claims raised in Plaintiff's complaint as against LGW be dismissed pursuant to FRCP 12b(6) as they fail to state a claim for which relief can be granted as defined by *Twombley* and *Iqbal*, or in the alternative, Plaintiff be ordered to produce a more definite statement pursuant to FRCP 12(e) with respect to any claims or portions of claims not dismissed under FRCP 12b(6).

Respectfully Submitted,
Lustig, Glaser & Wilson P.C., Kenneth Wilson and Dean A. Heinold
Defendants, by its attorneys

/s/
Brian F. Hogencamp, Esq
Lustig, Glaser & Wilson P.C.
P.O. box 549287
Waltham, MA 02454
(781) 514-1524
bhogencamp@lgw.com

## Certificate of Service

I, Brian F Hogencamp, hereby affirm that this document filed by ECF will be sent electronically to the participants as identified on the Notice of Electronic Filing (NEF) and that paper copies were be sent to Plaintiff, James Veal, at 125 Entervale St, Dorchester, MA 02121on August 8, 2014.

/s/
Brian F. Hogencamp, Esq