UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JAMES MICHAEL VEAL

Plaintiff                                              Civil Action No.14-cv-12967-WGY

V.

KENNETH WILSON

LUSTIG GLASER & WILSON P.C

DEAN A. HEINOLD

PORTFOLIO RECOVERY INC

PORTFOLIO RECOVERY ASSOCIATES, LLC

IC SYSTEM INC.

CREDIT ONE BANK

CAPITAL ONE

Defendants

**PLAINTIFFS RESPONSE TO DEFENDANT'S LUSTIGGLASER&
WILSON, KENNETH WILSON, DEAN HEINOLD &
PORTFOLIOS RECOVRY LLC / INC. MOTION
TO DISMISS PLAINTIFFS COMPLAINT**

Plaintiff, James Veal, hereby responds to Defendants Motion to Dismiss Plaintiff's Complaint and states:

1. Defendants Lustig Glaser & Wilson (LGW), Kenneth Wilson (KW), Dean Heinold (DH) and Portfolio Recovery LLC. & INC (POR) attorneys Brian Hogencamp & Andrew Schneiderman from Hinshaw & Culbertson LLP states that a debt collector has a permissible purpose to pull an individual's credit report while collecting a debt under

1681(b)(a)(3)(a).

2. The plaintiff states that nowhere in the Fair Credit Reporting Act. it states a debt collector can pull a consumers credit report while collecting a debt it states that *any consumer reporting agency* (Trans Union, Experian or Equifax) may furnish 1681(b)(a)(3)(a) **See below:**

**FCRA § 604 – [15 U.S.C. § 1681b]**

(a) In general. Subject to subsection (c), any **consumer reporting agency** may furnish a consumer report under the **following circumstances and no other**:

(1). In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2). In accordance with the written instructions of the consumer to whom it relates.

(3). To a person which it has reason to believe

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, or

3. It doesn't take a rocket scientist to clearly see that 15 U.S.C. § 1681b(a)(3)(A) pertains to the **"Credit Reporting Agency" and not to the debt collectors or furnisher of information**. The language quite clearly outlines the responsibility of the CRA to determine that they are furnishing a credit report to an entity or individual who the CRA has "reason to believe" has a legitimate purpose. This is established by one of the smallest and seemingly insignificant words in the English language. The word IT in number (3) indicates reference to the entity identified in (a), the **consumer reporting agency** and only to that entity.

4. Attorney Schneiderman & Brian Hogencamp is try to deceive the court by making such a statement (Debt collectors can pull a consumers credit report under § 1681b(a)(3)(A)) when in fact Hinshaw & Culbertson LLP made this same argument in 2009 in the **Cappetta V GC SERVICES LIMITED PARTNERSHIP case Civil Action No. 3:08-CV-288** (See Exhibit 1)

and **Chief Judge James Spencer and** the Fourth Circuit has relied on § 1681b(a)(3) for guidance where the "person" or "user" who obtained credit report has been sued for impermissibly accessing a consumer's credit report. *See Korotki 2,* 1997 WL 753322, at *2 ("While this language might arguably apply only to consumer agencies, we conclude that the wording is equally applicable to a user.")

5. Attorney Brain Hogencamp & Schneiderman is well aware of this ruling attorney Schneiderman law firm (Hinshaw & Culbertson) represented GC Service in this matter, it is law that 1681b (a)(3)(a) only applies to a *consumer reporting agency and not a debt collector*.

6. Plaintiff respectfully asks the court to rule against attorneys Hogencamp & Schneiderman request regarding dismissing plaintiff's complaint.

7. Attorney Schneiderman makes the argument that Massachusetts Debt Collection Regulation Act 940 CMR 7.00 has no private right of action which is not true the attorney general of Massachusetts enacted this law for the consumer to use when dealing with debt collector as well as original creditors (See exhibit 2) plaintiff ask the court to rule against attorney Schneiderman regarding this matter.

8. Attorney Schneiderman stated plaintiff has someone writing his complaint, Plaintiff would like to state for the record that plaintiff gets all his temp plates from National Consumer Law Centers companion website (NCLC.ORG) and that plaintiff is part of a prose group that meets 3 times a week (by telephone) and discuss experiences case law for holding debt collectors accountable for their illegal activities such as violations of consumer laws. Plaintiff has never even been to a website named stopdebtcollectors.org until plaintiff saw attorney Schneiderman suggests such a thing, plaintiff visited this site and it is not and from conversations has not ever been up.

9. Attorney Schneiderman would like to lead the court to suggest that plaintiff if doing something illegal by studying and reading different complaints and motions from the NCLC.ORG and ordering

literature that was published by NCLC.ORG which is located in the Downtown area of Boston to help prose litigants as well as attorneys.

10. The defendants have for years been deceiving the courts and parading around as a consumer reporting agency when caught pulling plaintiffs consumer credit reports, Plaintiff states for the record if the defendants can point to any verbiage in the FCRA that states a debt collector can pull a consumers credit report or the word soft pull is used in the FCRA plaintiff would immediately consider withdrawing his complaint.

WHEREFORE, Plaintiff requests that the Court deny Defendants Lustig Glaser & Wilson, Dean Heinold, Kenneth Wilson, Portfolio Recovery Inc., & Portfolio Recovery Associates, LLC Motion to Dismiss Plaintiff's Complaint and allow Plaintiff to amend the initial complaint if need be.

Dated January 2, 2015

Respectfully Submitted,

James Veal /S/ JAMES VEAL

125 Entervale Street

Dorchester, Ma 02121

jamesveal007@gmail.com


Andrew Schneiderman

Ranen S. Schechner

Hinshaw & Culbertson LLC
28 State Street
Boston, MA 02109
617-213-7000
aschneiderman@hinshawlaw.com

rschechner@hinshawlaw.com

Brain Hogencamp

Lustig Glaser & Wilson P.C

245 Winter Street #300

Waltham, MA 02451

bhogencamp@lgw.com

## CERTIFICATE OF SERVICE

I James Veal certify that on the 2nd day of January 2015 I emailed and mailed a copy to all attorneys of records.

Respectfully Submitted
Dated: January 2, 2015

James Veal /S/ JAMES VEAL

125 Entervale Street

Dorchester, Ma 02121

jamesveal007@gmail.com

Andrew Schneiderman

Ranen S. Schechner

Hinshaw & Culbertson LLC
28 State Street
Boston, MA 02109
617-213-7000
aschneiderman@hinshawlaw.com

rschechner@hinshawlaw.com

Brain Hogencamp

Lustig Glaser & Wilson P.C

245 Winter Street #300

Waltham, MA 02451

bhogencamp@lgw.com