UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES MICHAEL VEAL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-12967-ADB |
| | * | |
| PORTFOLIO RECOVERY, INC., et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 9, 2015

BURROUGHS, D.J.

**I. Introduction**

Plaintiff James Michael Veal ("Mr. Veal") filed this action pro se against eight defendants: Portfolio Recovery, Inc. and Portfolio Recovery Associates, LLC (together, "Portfolio Recovery"); Kenneth Wilson ("Mr. Wilson"); Lustig, Glaser & Wilson, P.C. ("LGW"); Dean A. Heinold ("Mr. Heinold"); IC System, Inc. ("IC System"); Credit One Bank; and Capital One. Mr. Veal alleges that Portfolio Recovery, LGW, IC System, Credit One Bank, and Capital One pulled his consumer credit report without his consent and without a permissible purpose. Based on this allegation, Mr. Veal asserts claims for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Counts I-III); the Massachusetts Attorney General's debt collection regulations, 940 C.M.R. § 7.00 et seq. (Count IV); and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count V).

Before the Court are two motions to dismiss filed by (1) LGW, Mr. Wilson, and Mr. Heinold [ECF No. 25] and Portfolio Recovery [ECF No. 29]. Both sets of moving defendants argue that the FCRA counts should be dismissed because the complaint alleges that the

defendants pulled Mr. Veal's credit report in connection with their attempt to collect a debt, which is a "permissible purpose" under the statute. [ECF Nos. 26, 30.] They also argue that the FDCPA count should be dismissed because the complaint does not allege specific actions by the defendants to support the alleged violations of the FDCPA, and that the alleged violation of the Attorney General's debt collection regulations should be dismissed because there is no private right of action under these regulations. [Id.] Portfolio Recovery additionally argues that the FDCPA count should be dismissed because the complaint does not allege the existence of a consumer debt under the statute. [ECF No. 30, at 7.] LGW, Mr. Wilson, and Mr. Heinold additionally argue that the alleged violation of the Attorney General's debt collection regulations should be dismissed because the complaint does not include any factual support for this claim. [ECF No. 26, at 7-8.] Mr. Veal opposes both motions to dismiss by advancing a statutory construction argument about the FCRA. He suggests that the section of the statute setting forth "[p]ermissible purposes of consumer reports" applies only to consumer reporting agencies, and not to debt collectors. [ECF No. 32, at 2-3.] He also disputes the notion that there is no private right of action under the Attorney General's debt collection regulations. [Id. at 3.]

For the reasons explained in this Memorandum and Order, both motions to dismiss are GRANTED, and Mr. Veal's complaint is DISMISSED.

**II.      Summary of Relevant Factual Allegations**

In his complaint [ECF No. 1], Mr. Veal makes the following factual allegations, which the Court accepts as true for purposes of a motion to dismiss.

Mr. Veal is a Massachusetts resident and a consumer. [Id. ¶¶ 16, 33.] Mr. Wilson and Mr. Heinold are attorneys at LGW, a law firm that regularly collects defaulted debts on behalf of its clients. [Id. ¶¶ 2-4.] Portfolio Recovery is a debt collector and a debt buyer that regularly collects

defaulted debts. [Id. ¶¶ 5-6.] Portfolio Recovery Associates, LLC is the parent company of Portfolio Recovery, Inc. [Id. ¶ 6.] IC System is a debt collection agency and a debt collector. [Id. ¶ 7.]

In June 2014, Mr. Veal checked his consumer credit report and determined that Portfolio Recovery, LGW, IC System, Credit One Bank, and Capital One pulled his credit report on multiple occasions, without his consent, and without ever making a firm offer of credit to him. [Id. ¶¶ 18-21, 59.] He never applied for a line of credit or insurance from any of the defendants. [Id. ¶ 58.] The credit pulls were conducted on various dates from 2012 through 2014. [Id. ¶¶ 49-53.] They were conducted for the sole purpose of collecting a debt. [Id. ¶ 25.] Mr. Veal also alleges that in pulling his credit report, the defendants "misrepresented to Experian that they had a permissible purpose and that they were a consumer reporting agency . . . ." [Id. ¶ 32.] Mr. Veal does not provide any further detail or facts in support of this allegation, but he states that he "plans to propound discovery to bring all violation [*sic*] to light." [Id.]

### III. Discussion

#### A. Legal Standard – Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Court accepts as true all well-pleaded facts in the light most favorable to the plaintiff and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Although detailed factual allegations are not required to survive a motion to dismiss, "more than labels and conclusions" are required. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. The facts alleged must "raise a right to relief above the speculative level." Id. The

plaintiff must "nudge[] [the] claims across the line from conceivable to plausible," or the claims will be dismissed. Id. at 570. "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Twombly, 550 U.S. at 555, 570). The plausibility standard "asks for more than a sheer possibility" of actionable conduct. Id.

In this case, the Court construes Mr. Veal's complaint liberally because it was filed pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., Civ. No. 11-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

### B. Mr. Veal Fails to State a Claim Under the FCRA

Counts I, II, and III of Mr. Veal's complaint allege that the defendants violated the FCRA by pulling Mr. Veal's consumer credit report without his consent and without a permissible purpose. This claim fails because Mr. Veal has also alleged that the purpose of the credit pulls was to collect a debt that he owed, which is permitted under the FCRA.[1]

The FCRA allows a consumer reporting agency (such as Equifax, Experian, or TransUnion) to furnish a consumer credit report only under specified circumstances, including:

> [t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the

---

[1] Specifically, Mr. Veal alleges in his complaint that the defendants' "only purpose" in obtaining his credit report "was to get his ability to pay a debt that defendant[s] were trying to collect from the plaintiff . . . ." [ECF No. 1, ¶ 25.]

4

> information is to be furnished and involving the extension of credit to, <u>or review or collection of an account of</u> . . . the consumer . . . .

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).[2] This Court and others have consistently construed this language to permit a debt collector to obtain a credit report in connection with efforts to collect a debt. See <u>Searle v. Convergent Outsourcing, Inc.</u>, Civ. No. 13-11914, 2014 WL 4471522, at *3-*5 (D. Mass. June 12, 2014) (recommending dismissal of the plaintiff's FCRA and other claims where the complaint alleged that the defendant debt collector had obtained a credit report for the purpose of collecting a debt, and explaining: "It is well established that a debt collection agency has the right to obtain a credit report so long as it is done in connection with efforts to review or collect an account."), <u>report and recommendation adopted</u>, Civ. No. 13-11914 (D. Mass. Sept. 9, 2014); <u>see also</u> <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 34 (3d Cir. 2011) (holding that the FCRA authorizes a debt collector to access a credit report to collect on a consumer's delinquent account); <u>Demaestri v. Asset Acceptance Capital Corp.</u>, Civ. No. 11-01671, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012) ("[C]ollection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report under [15 U.S.C. § 1681b(a)(3)(A)], and this court finds likewise."), <u>report and recommendation adopted,</u> Civ. No. 11-01671, 2012 WL 1229940 (D. Colo. Apr. 12, 2012); <u>Edge v. Prof'l Claims Bureau, Inc.</u>, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) (collecting a debt is "clearly a permissible purpose" for obtaining a credit report under the FCRA), <u>aff'd,</u> 234 F.3d 1261 (2d Cir. 2000).

In his Opposition brief and a separate filing captioned "Plaintiff Notice of Judicial Notice," Mr. Veal argues that 15 U.S.C. § 1681b(a)(3)(A) pertains only to consumer reporting

---

[2] Section 1681b sets forth "[p]ermissible purposes of consumer reports." Massachusetts law includes nearly identical statutory language. <u>See</u> G.L. c. 93, § 51(a)(3)(i).

5

agencies and does not permit debt collectors to obtain credit reports. [ECF Nos. 31-32.] This argument is not only contrary to the case law, but it also belies a commonsense reading of the statute. The FCRA permits a consumer reporting agency to furnish a credit report "[t]o a person[3] which it has reason to believe" intends to use the information in one of various ways enumerated in 15 U.S.C. § 1681b(a)(3), including to collect a debt. Under Mr. Veal's suggested reading of the statute, a consumer reporting agency is permitted to furnish a credit report "[t]o a person" who has a permissible purpose, but that person may not actually obtain the information. The Court is not persuaded that this is what Congress intended.

Mr. Veal's reliance on Cappetta v. GC Services Limited Partnership, 654 F. Supp. 2d 453 (E.D. Va. 2009), is misplaced. In that case, the court held that the complaint stated a claim under the FCRA where the plaintiff alleged that the defendant obtained her credit report for the purpose of collecting a credit card debt owed not by the plaintiff, but by her estranged husband. Id. at 455-56, 462-63. The court concluded that the plaintiff had successfully pled that the defendant should have known the credit card account in question did not belong to the plaintiff, and therefore, the defendant lacked a "permissible purpose" to obtain her credit report under 15 U.S.C. § 1681b(a)(3)(A). Id. at 463. Here, in contrast, Mr. Veal does not allege that someone else was responsible for the debt in question. [ECF No. 1, ¶ 25.] Moreover, while Cappetta states that "Congress clearly directs the relevant portion of FCRA toward credit reporting agencies," 654 F. Supp. 2d at 459, it does not stand for the proposition advanced by Mr. Veal that a debt collector may not obtain a credit report pursuant to 15 U.S.C. § 1681b(a)(3)(A).

---

[3] The term "person" is defined in the statute as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). Thus, the defendants in this case are all "persons" for purposes of the FCRA.

For the above reasons, Counts I, II, and III of the complaint are <u>DISMISSED</u> pursuant to Rule 12(b)(6).

### C. Mr. Veal Fails to State a Claim Under the FDCPA

In Count V of the complaint, Mr. Veal claims that the defendants violated six separate provisions of the FDCPA.[4] For each alleged violation, Mr. Veal simply recites the operative statutory language, without providing any supporting factual allegations here or elsewhere in his complaint.[5] By way of example, there are no facts in the complaint to support the allegation that the defendants falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2), or that they engaged in conduct the natural consequence of which was to harass, oppress, or abuse Mr. Veal in violation of 15 U.S.C. § 1692d (and the same can be said for the other alleged violations of the FDCPA). Dismissal of Count V is therefore warranted. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

---

[4] Specifically, Mr. Veal alleges that the defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt [ECF No. 1, ¶ 80(a)]; 15 U.S.C. § 1692f(1) by collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law [<u>id.</u> ¶ 80(b)]; 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person [<u>id.</u> ¶ 80(c)]; 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [<u>id.</u> ¶ 80(d)]; 15 U.S.C. § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [<u>id.</u> ¶ 80(e)]; and 15 U.S.C. § 1692g "by, within five days after the initial communication with Plaintiff in connection with the collection of any debt" [*sic*] [<u>id.</u> ¶ 80(f)]. The Court will interpret the allegation in paragraph 80(f) of the complaint consistent with 15 U.S.C. § 1692g(2), which prohibits a debt collector from "accept[ing] . . . a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit."

[5] To the extent that Mr. Veal relies on his allegation that the defendants "misrepresented to Experian that they . . . were a consumer reporting agency" [ECF No. 1, ¶ 32], this single allegation, without more, does not allege fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure, nor does it reasonably support each of the FDCPA violations that Mr. Veal claims.

7

"In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA." Krasnor v. Spaulding Law Office, 675 F. Supp. 2d 208, 211 (D. Mass. 2009). As explained in the previous section, the Court concludes, based on the allegations in the complaint, that the defendants had a permissible purpose and were therefore authorized to pull Mr. Veal's credit report. Thus, Mr. Veal has not alleged a prohibited act or omission under the FDCPA.[6] Accordingly, Count V of the complaint is DISMISSED pursuant to Rule 12(b)(6).

### D. Mr. Veal Fails to State a Claim Under the Massachusetts Attorney General's Debt Collection Regulations

Count IV of the complaint alleges that the defendants violated the Massachusetts Attorney General's debt collection regulations, 940 C.M.R. § 7.00 et seq., by "claim[ing], attempt[ing], or threatening to enforce a debt when such a person knows that the debt is not legitimate . . . ." [ECF No. 1, ¶ 75.] This claim fails for at least two reasons. First, as the defendants point out, there is no private right of action under these regulations. See Jones v. NCO Fin. Servs., Civ. No. 13-12101, 2014 WL 6390633, at *4 (D. Mass. Nov. 14, 2014) (concluding that there is "no indication that a private right of action exists" under 940 C.M.R. § 7.00 et seq., and dismissing claim). Second, even if there were a private right of action, Mr. Veal's complaint provides no factual support for the allegation that the defendants claimed, attempted, or threatened to enforce a debt that they knew was not legitimate. Mr. Veal merely alleges that the defendants' "only purpose" in obtaining his credit report "was to get his ability to

---

[6] Because the Court concludes that the complaint fails to allege a prohibited act or omission under the FDCPA, the Court does not consider whether Mr. Veal has adequately pled that he was the object of debt collection activity or that the defendants are debt collectors within the meaning of the statute.

pay a debt that defendant[s] were trying to collect from the plaintiff . . . ." [ECF No. 1, ¶ 25.] There are no allegations in the complaint concerning the validity of the debt at issue. Count IV of the complaint is therefore <u>DISMISSED</u> pursuant to Rule 12(b)(6).

## IV.    Conclusion

For the above reasons, the motions to dismiss filed by LGW, Mr. Wilson, and Mr. Heinold [ECF No. 25] and Portfolio Recovery [ECF No. 29] are <u>GRANTED</u>, and Mr. Veal's complaint is <u>DISMISSED</u>.

**SO ORDERED.**

Dated: April 9, 2015                                                          <u>/s/ Allison D. Burroughs</u>
                                                                                           ALLISON D. BURROUGHS
                                                                                           DISTRICT JUDGE